UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: BIOMET M2a MAGNUM HIP IMPLANT PRODUCTS LIABILITY LITIGATION (MDL 2391) | ) ) ) ) | CAUSE NO. 3:12-MD-2391 |
| ———————————————— | ) ) | |
| *This Document Relates to:* | ) ) | |
| MOORE v. BIOMET, INC. et al | ) | CAUSE NO. 3:18-CV-258 |
| SHRIBERG v. BIOMET, INC. et al | ) | CAUSE NO. 3:18-CV-259 |
| YOUNG v. BIOMET, INC. et al | ) | CAUSE NO. 3:18-CV-260 |
| THOMAS v. BIOMET, INC. et al | ) | CAUSE NO. 3:18-CV-468 |
| KASKAN v. BIOMET, INC. et al | ) | CAUSE NO. 3:18-CV-469 |
| BRADY v. BIOMET, INC., et. al. | ) | CAUSE NO. 3:18-CV-672 |
| EASTERLING v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-675 |
| HAYDEN v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-678 |
| WALCH v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-679 |
| ANDREWS v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-680 |
| CONNOR v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-683 |
| FITZGERALD v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-684 |
| FOWLER v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-685 |
| FRANZESE v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-686 |
| KELLEY v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-691 |
| BAYE v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-696 |
| ANDERSON v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-698 |
| ALEXANDER v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-711 |
| GIFT v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-713 |
| MOORE v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-714 |
| STONE v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-715 |
| ROBINSON v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-716 |
| HOWELL v. BIOMET, INC., et. al | ) | CAUSE NO. 3:18-CV-717 |
| ———————————————— | ) | |

OPINION AND ORDER

These 23 cases are part of a docket (MDL-2391) established by the Judicial Panel on Multidistrict Litigation. The cases were filed directly into this MDL docket pursuant to case management orders I entered in 2013 and 2016. Cases

1

in this docket primarily assert personal injury claims by people who received Biomet's M2 a Magnum Hip replacement implants, which the plaintiffs contend are unreasonably dangerous. The plaintiffs in these 23 cases have sued parties I will refer to simply as "Biomet": Biomet, Inc., Biomet Orthopedics, LLC, Biomet US Reconstruction, LLC, Biomet Manufacturing, LLC and, in some of the cases, Zimmer Biomet Holdings, Inc. Each plaintiff also sued Dr. John Cuckler and Alabama Medical Consultants, Inc., whom I refer to as "the Cuckler defendants."

This order disposes of 41 motions to dismiss in which all briefs allowed by the district rules have been filed.

In 18 of these cases (all but *Moore*, *Schriberg*, *Young*, *Thomas*, and *Kaskan*), the plaintiffs raise claims of fraud in addition to their personal injury claims. The laws of the states of Arkansas, Indiana, Kansas, Maryland, Massachusetts, New York, North Carolina, Oklahoma, South Carolina, Texas, and Wisconsin provide the rules of decision in those 18 cases. Insofar as today's fraud issues are concerned, there is no meaningful difference among the laws of those states. All of the defendants moved to dismiss the fraud claims for failure to state a claim upon which relief can be granted.

In all 23 cases, the Cuckler defendants also moved to dismiss for lack of personal jurisdiction. I granted similar motions in 2018 and denied the plaintiffs'

motions to vacate those dismissals based on the same arguments asserted in these cases.[1] My reasoning applies equally here.

The plaintiffs live in Arkansas, California, Illinois, Maryland, Massachusetts, Missouri, Nevada, New York, North Carolina, Oklahoma, Pennsylvania, South Carolina, Texas, and Wisconsin. The same law firm filed all 23 of these cases.

The plaintiffs in *Moore*, *Shriberg*, and *Young* moved to file sur-replies relating to the motions to dismiss the Cuckler defendants. Extending the briefing in any multidistrict litigation proceeding runs the risk of delay for scores – at times, thousands – of cases, so I think it better to decide issues on the briefs allowed by the district rules.

PERSONAL JURISDICTION

In the usual course of things, these plaintiffs would have filed these complaints in their home states (where they say this court should transfer the cases when their time in the MDL docket is over) and the Judicial Panel on Multidistrict Litigation would have centralized the cases in the Northern District of Indiana. See 28 U.S.C. § 1407. The plaintiffs filed their cases here only because I authorized direct filing as a "procedural mechanism" to increase efficiency and conserve resources. *See* Wahl v. General Electric Co., 786 F.3d 491, 498 (6th

---

[1] See *Eide v. Cuckler et al.,* 3:17-cv-955 [Doc. Nos. 18 and 48]; *Smith v. Cuckler et al.*, 3:17-cv-956, [Doc. Nos. 18 and 51]; and *McLevis v. Cuckler et al.*, 3:17-cv-957 [Doc. Nos. 18 and 56]. Today's plaintiffs are represented by the same attorneys, so their familiarity with those orders is presumed.

Cir. 2015); In re Watson Fentanyl Patch Prods. Liab. Litig., 977 F. Supp. 2d 885, 888 (N.D. Ill. 2013). These dismissal motions, then, look to whether district courts in the plaintiffs' home states would have jurisdiction over the Cuckler defendants. *See* Kalama v. Matson Navigation Co., Inc., 875 F.3d 297, 302 (6th Cir. 2017) (motions to dismiss for lack of personal jurisdiction "required the [MDL court in] the E.D. of Pennsylvania to decide whether the N.D. of Ohio – the transferor court that would eventually oversee trials in the [] cases – could exercise personal jurisdiction over the [] defendants"); In re Testosterone Replacement Therapy Prods. Liab. Litig., 136 F. Supp. 3d 968, 973 (N.D. Ill. 2015) ("In an MDL proceeding, the MDL court [] has jurisdiction...if the originating, transferor courts would have jurisdiction.").

The Cuckler defendants moved to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Once such a motion is made, the plaintiff bears the burden of showing the existence of personal jurisdiction. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003).

Discussion of personal jurisdiction ordinarily looks for minimum contacts between the defendant and the forum court, *see* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980), for offense to traditional notions of fair play and substantial justice, *see* International Shoe v. Washington, 326 U.S. 310, 316 (1945), for constant and pervasive affiliations between the defendant and the forum state that would give rise to general jurisdiction, *see* Daimler AG v. Bauman, and whether the plaintiff's injuries relate to otherwise insufficient

contacts between the defendant and the forum state. *See* <u>Burger King v.</u> <u>Rudzewicz</u>, 471 U.S. 462, 472-478 (1985). But the plaintiffs' arguments lead in a different direction.

The plaintiffs don't seem to disagree with the Cuckler defendants' factual assertions that Dr. Cuckler and Alabama Medical Consultants were citizens of Alabama or Florida at every important time, and that neither of the Cuckler defendants themselves has had anything more than sub-minimal contacts with the home states of any of the plaintiffs. Instead, the plaintiffs rely on agreements their lawyers had with the Cuckler defendants in other cases and on the Cuckler defendants' relationship to the Biomet defendants.

In 2016, these parties and their law firms found themselves addressing dismissal motions in the Collier County, Florida, Circuit Court, based on *forum non conveniens* grounds. The plaintiffs explain (the Biomet defendants don't entirely agree) the parties agreed to use the case brought by Scott Eanes as something of a bellwether; they would apply the court's ruling in Mr. Eanes's case to the other twelve Collier County cases in which dismissal motions were pending. The Biomet defendants told the Florida judge that Mr. Eanes could file directly into the MDL docket, or in Indiana – Biomet's home state – or in Mr. Eanes's home state of Texas. The Collier County court granted the dismissal motion, noting those three alternatives were open to Mr. Eanes. The plaintiffs also note in passing that there are twelve cases in this MDL docket in which the Cuckler defendants haven't moved to dismiss for lack of personal jurisdiction.

The plaintiffs view the Cuckler defendants' concession in the Collier County cases as consent to be sued in a plaintiffs' home state, whatever state that might be. The plaintiffs cite no authority for that argument, and I can't imagine what rule of law any such authority might support. In essence, the plaintiffs argue that because the Cuckler defendants agreed that Scott Eanes could sue them in his home state, they must be found to have consented to be sued in any state of the union in which a plaintiff was a citizen. Such a rule might arise from the plaintiffs all being represented by the same law firm, but it's not intuitively clear why that should be. Perhaps such a rule would be limited to cases in which plaintiffs bring claims similar to what Mr. Eanes alleged in Collier County, Florida, but again, it's not clear why that should affect someone else's right to sue the Cuckler defendants in some other state.

The law in these cases is what logic suggests: "[a] party's consent to jurisdiction in one case...extends to that case alone." Klinghoffer v. S.N.C. Achille Lauro, 937 F.2d 44, 50 n.5 (2d Cir. 1991); *see also* Torrent Pharmaceuticals Ltd v. Daiichi Sankyo, Inc., 2016 WL 3976992, *3-4 (N.D. Ill. 2016) (a defendant's consent to a district court exercising personal jurisdiction for a first litigation does not extend to other litigations, even where there may be overlapping subject matter). There's no evidence to suggest that the Cuckler defendants ever consented to being sued in the plaintiffs' home states in these cases, or that they made any representations to the contrary to plaintiffs' counsel.

In their second argument, the plaintiffs contend that the Cuckler defendants are subject to suit in the plaintiffs' home states, not because of the Cuckler defendants' individual contacts with those states, but because of Biomet's contacts. The plaintiffs point to the "stream of commerce" theory of minimum contacts as discussed in In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Product Liability Litigation, 888 F.3d 753 (5th Cir. 2018). As the court of appeals explained, "That doctrine recognizes that a defendant may purposely avail itself of the protection of a state's laws—and thereby will subject itself to personal jurisdiction—'by sending its goods rather than its agents' into the forum." 888 F.3d at 778 (quoting J. McIntyre Machinery, Ltd. v. Nicastro, 564 U.S. 873, 882 (2011)). The DePuy Orthopaedics court held that DePuy's corporate parent, Johnson & Johnson, was involved in the design, marketing, sale and financing of the Pinnacle metal-on-metal hip implant to such an extent that the courts of Texas, where the plaintiff had received the implant, had personal jurisdiction over Johnson & Johnson. Id. at 780. I assume, solely for purposes of today's ruling, that the "stream of commerce" theory reflects current law. But see Wilson v. Nouvag GmbH, 2018 WL 1565602, at *15-16 (N.D. Ill. Mar. 30, 2018).

But Johnson & Johnson's role in the Pinnacle hip dwarfs the Cuckler defendants' roles in the Biomet M2a hip implants. Johnson & Johnson had merged subsidiary corporations, assembled design teams from multiple subsidiaries, transferred a patent to DePuy, edited and approved DePuy's advertising and public statements, paid for promotional activities, set up its own

website and conducted a national satellite telecast promoting the product, called the product its own, and put its own logo on the packaging.

In contrast, the plaintiffs allege that the Cuckler defendants helped design, market, test, and promote the Biomet hip, helped train surgeons to implant the device, and helped design tools to be used for implementation. The Cuckler defendants have, the plaintiffs allege, made millions of dollars in royalties from the Biomet M2a hip. But they are entirely separate from the Biomet defendants: neither owns or controls the other. The Cuckler defendants didn't control the marketing, sale, or distribution of the Biomet hip, and unlike Johnson & Johnson, the Cuckler defendants did not themselves place, or fund the placement of, the Biomet M2a hip system into the stream of commerce.

The Cuckler defendants have too few contacts with the plaintiffs' home states for personal jurisdiction to attach in those states, under either a general jurisdiction theory or a "stream of commerce" specific jurisdiction theory. They are entitled to dismissal of the complaints insofar as they are sued. Of course, this ruling doesn't affect any plaintiff's right to refile in a court that has personal jurisdiction over the Cuckler defendants.

SUFFICIENCY OF FRAUD ALLEGATIONS

Last October, Biomet moved to dismiss the plaintiffs' amended complaints for failure to state a claim upon which relief can be granted. These complaints allege several product liability and fraud-based claims against the defendants.

Biomet argues that these 18 complaints don't plead the circumstances of alleged fraud with requisite particularity under Fed. R. Civ. P. 8(a) and 9(b).

Each of these plaintiffs was implanted with a Biomet's M2a metal-on-metal hip implant, and each was subject to later revision surgery. In the summer of 2018, these plaintiffs sued Biomet, Dr. Cuckler, and Alabama Medical Consultants. The original complaints included fraud and misrepresentation-based claims. Amended complaints filed in the fall of 2018 added more claims of fraud and fraudulent concealment. Each plaintiff alleges a) fraud (counts 1 and 2), b) fraudulent concealment (count 3), c) misrepresentation (count 8), and d) information negligently supplied for the guidance of others (count 10). The Cuckler defendants joined in the dismissal motions, but needn't be mentioned any further in this opinion in light of my personal jurisdiction ruling.

The claims involve several different alleged shortcomings. The plaintiffs say Biomet engaged in inadequate testing and a false marketing scheme that included misrepresentations and factual omissions. They also allege that the false marketing scheme extended to the misrepresentation or omissions as to the benefits of Biomet's M2a metal-on-metal hip implants, misrepresentations or omissions made to the medical community on the clinical efficacy of the implants, and the misrepresentation or omissions as to clinical information about heavy metal poisoning caused by the implants. Biomet moves to dismiss the fraud and misrepresentation claims under Fed. R. Civ. P. 12(b)(6), arguing

that the claims fail to fulfil the pleading requirements under Fed. R. Civ. P. 8(a) and 9(b).

Rule 12(b)(6) allows a defendant to move to dismiss a claim that "fails to state a claim upon which relief can be granted." A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 566 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (interpreting the pleading standard under Fed. R. Civ. P. 8(a)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 566 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. at 678).

Fraud and misrepresentation claims must not only meet the pleading standard under Rule 8(a), but must also fulfill the heightened standard under Rule 9(b), which requires the complaint to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This rule applies not only to express fraud claims but to those claims "sounding in fraud," meaning any claim "premised upon a course of fraudulent conduct." Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007). The circumstances constituting fraud must articulate the "who, what, when, where, and how" of the

claimed conduct. <u>Rocha v. Rudd</u>, 826 F.3d 905, 911 (7th Cir. 2016). The claim must state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." <u>Rocha v. Rudd</u>, 826 F.3d at 911 (quoting <u>Uni*Quality Inc. v. Infotronx, Inc.</u>, 973 F.2d 918, 923 (7th Cir. 1992)). A court considering whether a claim fulfils the requirements under Rules 8(a) and 9(b) accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff. <u>Doe v. Vill. of Arlington Heights</u>, 782 F.3d 911, 915 (7th Cir. 2015).

Courts siting in diversity apply "choice-of-law rules used by the state in which the federal district court where the case was filed." <u>NewSpin Sports, LLC v. Arrow Elecs.</u>, Inc., 910 F.3d 293, 300 (7th Cir. 2018); <u>Wigod v. Wells Fargo Bank, N.A.</u>, 673 F.3d 574, 569 (7th Cir. 2012) (finding that plaintiff adequately pleaded reasonable reliance as applied to her common law fraudulent misrepresentation claim); <u>Tricontinental Indus. v. PricewaterhouseCoopers, LLP</u>, 475 F.3d 824, 833-834 (7th Cir. 2007) (determining that common law applied regarding plaintiff's negligent misrepresentation claim); see also <u>Midwest Grain Prods. Of Ill., Inc. v. Productization, Inc.</u>, 228 F.3d 784, 787 (7th Cir. 2000). Neither side contends that a choice of laws analysis leads to the law of any but the state in which the devices were implanted. Since these fraud and misrepresentation claims arise under state common law, I must look to the specific laws of each relevant state to determine the essential elements of the

claims.[2] None of the parties contends there is a difference between the laws that might be found to apply. To prevail on the fraud and misrepresentation claims, a plaintiff must adequately allege, among other things, that Biomet: perpetrated a fraud; frequently misrepresented or fraudulently concealed certain information for the purpose of inducing the plaintiff to act or not act; and that the plaintiff justifiably relied upon the misrepresentation.[3] RESTATEMENT (SECOND) OF TORTS § 525.

Without an allegation of reliance, no plaintiff can adequately allege facts to show that Biomet engaged in fraudulent conduct. These amended complaints don't adequately plead facts showing how the alleged misrepresentations reached them or their physicians. Nor do they offer, with requisite particularity, the content of the alleged misrepresentations or how these misrepresentations

---

[2] The essential elements to prove fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation are all based on individual state law. Controlling law would be specific to the state where each device was implanted. Each of these states follow the reliance requirement articulated in the Restatement (Second) of Torts and are substantively identical. The specific jurisdictions in which plaintiffs' devices were implanted, and relevant legal authority for each fraud and misrepresentation claims, are: Arkansas, Ultracuts Ltd. V. Wal-Mart Stores, Inc., 33 S.W.3d 128, 135 (Ark. 2000); Indiana, Rice v. Strunk, 670 N.E.2d 1280, 1289 (Ind. 1996); Kansas, Alires v. McGehee, 85 P.3d 1191, 1195 (Kan. 2004); Maryland, Exxon Mobil Corp. v. Albright, 71 A.3d 30, 49 (Md. 2013); Massachusetts, Masingill v. EMC Corp., 870 N.E.2d 81, 88 (Mass. 2007); New York, Pasternack v. Lab. Corp. of Am. Holdings, 59 N.E.3d 485, 491 (N.Y. 2016) North Carolina, Forbis v. Neal, 649 S.E.2d 382, 387 (N.C. 2007); Oklahoma, Silk v. Phillips Petroleum Co., 760 P.2d 174, 176-177 (Okla. 1988); South Carolina, Mut. Sav. & Loan Asso. V. McKenzie, 366 S.E.2d 423, 425 (S.C. 1980); Texas, Grant Thornton LLP v. Prospect High Income Fund, 314 S.W.3d 913, 923 (Tex. 2010); and Wisconsin, Bank of Sun Prairie v. Esser, 456 N.W.2d 585, 588-589 (Wis. 1990).

[3] The plaintiffs also allege that Biomet negligently supplied certain information for the guidance of others (count 10). Since justifiable reliance is an element of this claim, I addressed it in the opinion's reliance section. RESTATEMENT (SECOND) OF TORTS § 552.

affected their medical care and treatment. Rocha v. Rudd, 826 F.3d 905, 909 (7th Cir. 2016) (Fed. R. Civ. P. 9(b) requires "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."); see also United States ex rel. Grenadyor v. Ukranian Vill. Pharm., Inc., 772 F.3d 1102, 1106 (7th Cir. 2014) (same); Massuda v. Panda Express, Inc., 759 F.3d 779, 783-784 (7th Cir. 2014).

The plaintiffs argue that reliance needn't be pleaded with particularity under Fed. R. Civ. P. 9(b). They point to Midwest Comm. Banking Co. v. Elkhart City Ctr., 4 F.3d 521, 524 (7th Cir. 1993) and In re Testosterone Replacement Therapy Prods. Liab. ("Testosterone"), 159 F. Supp. 3d 898, 921, n.5 (N.D. Ill. Feb. 3, 2016) to support their proposition. Midwest Comm. Banking Co., while on point, pre-dates more recent and persuasive opportunities the court has of appeals has had to analyze the reliance issue. Massuda v. Panda Express, Inc., 759 F.3d at 783-784 (suit was properly dismissed with prejudice when plaintiff failed to plead with specificity under Fed. R. Civ. P. 9(b) that her reliance on defendant's alleged fraudulent statements); Wigod v. Wells Fargo Bank, N.A., 673 F.3d at 569 (determining that plaintiff pleaded with particularity under Fed. R. Civ. P. 9(b) her reliance on defendant's alleged statements). The In re Testosterone court explicitly acknowledged that justifiable reliance is an element of common law fraud, In re Testosterone Replacement Therapy, 159 F. Supp. 3d at 927 ("Defendants also argue that plaintiff has failed to plausibly allege justifiable reliance, an element of both fraud and negligent misrepresentation

13

claims under Ohio law."), but declined to dismiss on that ground because Ohio cases seem to approach the issue at the summary judgment stage rather than on a motion to dismiss. Ohio doesn't provide the rule of decision in any of these cases, so I needn't dig deeper into why the In re Testosterone court thought the issue premature.

The plaintiffs' reliance allegations also fall short of the Rule 8(a) pleading standard, which requires something more than a "threadbare" pleading. Ashcroft v. Iqbal, 566 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 555). Alleging that a plaintiff and that plaintiff's physician relied on certain representation and misrepresentations, without providing further details, represents nothing more than "mere conclusory statements." Ashcroft v. Iqbal, 566 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 555). That's not to say that plaintiff's complaint must contain detailed factual allegations of reliance – all it needs is to contain allegations adequate "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. These amended complaints don't do that.

Reliance is an essential element of these fraud claims and their claim of negligently supplied information. The plaintiffs don't successfully allege reliance under Rules 8(a) and 9(b) and so don't adequately plead their fraud and misrepresentation claims with specificity. For the same reasons, the plaintiffs' claims of negligently supplied information aren't adequately pleaded under Rule 8.

Even aside from the reliance issue, the amended complaints don't adequately plead facts sufficient to fulfill the heightened pleading standard of Rule 9(b) regarding their claims of fraud, fraudulent concealment, and fraudulent misrepresentation. A complaint must adequately plead the "who, what, when, where, and how" of Biomet's alleged fraud to fulfil Rule 9(b)'s particularity requirement. Rocha v. Rudd, 826 F.3d at 911.

The plaintiffs first allege that Biomet spread false information about its experience with metal on metal hip implants and said that, in its experience, there hadn't been any instances of heavy metal poisoning. Those allegations rely on a number of statements but don't identify who at Biomet made or cited these statements, when or where the statements were made or cited, or how these statements came to the attention of any plaintiff or that plaintiff's physician. Simply stating that Biomet made certain statements or publications, without more, doesn't fulfill the pleading requirements under Fed. R. Civ. P. 9(b). United States ex rel. Lusby v. Rolls Royce Corp., 570 F.3d 849, 853 (7th Cir. 2009) (determining that, in order to adeptly plead fraud with particularity, a plaintiff must state the "who, what, when, where, and how: the first paragraph of any newspaper story."); DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990) ("Fed. R. Civ. P. 9(b) requires the plaintiff to state with particularity any circumstances constituting fraud. Although states of mind may be pleaded generally, the circumstances must be pleaded in detail.") (internal quotations omitted).

The plaintiffs also allege that Biomet was fully aware that the associated wear of their metal-on-metal implants were more toxic than other implants but that Biomet marketed the implant by claiming it produced less wear than other implants. But the complaints only refer to two marketing materials and characterize the materials in a conclusory fashion. The amended complaints don't identify how or when any plaintiff or physician received the marketing material. Camasta v. Jos. A. Bank Clothiers, Inc., 761 F.3d 732, 737-734 (7th Cir. 2012) (finding that plaintiff's general statements on allegedly fraudulent marketing materials were conclusory because such statements did not identify "the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated."); Ackerman v. Nw. Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999) ("[Rule 9(b)] requires the plaintiff to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported.").

Perhaps most critically, the amended complaints don't specify to which defendant each instance of alleged fraud should be attributed. Instead, the plaintiffs "lump[ ] together" multiple defendants. Rocha v. Rudd, 826 F.3d at 911 (finding that plaintiffs didn't adequately allege fraud when they failed to "inform each defendant as to the nature of his alleged participation in the fraud."); Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 950 (7th Cir. 2013) (holding that plaintiff's failure to identify who specifically made the alleged misrepresentations warranted dismissal). Group pleading has been expressly rejected as applied to

fraud claims. <u>Sears v. Likens</u>, 912 F.2d 889, 893 (7th Cir. 1990) ("[t]he appellants fail to satisfy the 9(b) standard: their complaint is bereft of any detail concerning who was involved in each allegedly fraudulent activity, how the alleged fraud was perpetrated, or when the allegedly fraudulent statements were made. Rather, the complaint lumps all the defendants together and does not specify who was involved in what activity."); <u>Vicom, Inc. v. Harbridge Merchant Servs.</u>, 20 F.3d 771, 778 (7th Cir. 1994) ("[w]e [...] have rejected complaints that have "lumped together" multiple defendants.").

Taken together, the plaintiffs' amended complaints don't adequately plead facts to support a cognizable claim of fraud, fraudulent concealment, or negligent misrepresentation. They don't adequately allege reliance on misrepresentations, and don't plead the fraud and fraud-related claims with the request particularity required by Fed. R. Civ. P. 9(b).

This order directs dismissal of counts 1, 2, 3, 8, 10 of the plaintiffs' amended complaints. The plaintiffs may amend the fraud and misrepresentation claims in their complaints, if they wish to do so, by March 27, 2019.

ORDERS

This order disposes of the following motions:

In **3:18cv258**, *Sharon Moore v. John Cuckler, et al.*, the plaintiff's motion to file a sur-reply [Doc. 16] is DENIED, and the Cuckler defendants'

17

motion to dismiss for lack of personal jurisdiction [Doc. No. 9] is GRANTED.

In **3:18cv259**, *Marjorie Shriberg v. John Cuckler, et al.*, the plaintiff's motion to file a sur-reply [Doc. No. 17] is DENIED, and the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 9] is GRANTED.

In **3:18cv260**, *Don Young v. John Cuckler, et al.*, the plaintiff's motion to file a sur-reply [Doc. No. 17] is DENIED, and the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 12] is GRANTED.

In **3:18cv468**, *Marilyn Thomas v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 10] is GRANTED.

In **3:18cv469**, *Thomas Kaskan v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 10] is GRANTED.

In **3:18cv672**, *Elaine Brady v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the

fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv675**, *Kaye Easterling v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv678**, *Michael Hayden v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the fraud and misrepresentation claims in his complaint, if he wishes to do so, by March 27, 2019.

In **3:18cv679**, *Deanna Walch v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may

amend the fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv680**, *Judy Andrews v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv683**, *Linda Connor v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv684**, *Evelyn Fitzgerald v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may

amend the fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv685**, *Edward Fowler v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the fraud and misrepresentation claims in his complaint, if he wishes to do so, by March 27, 2019.

In **3:18cv686**, *Beth Franzese v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv691**, *John Keeley v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the

fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv696**, *Linda Baye v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv698**, *Dorothy Anderson v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv711**, *Kenneth Alexander v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may

amend the fraud and misrepresentation claims in his complaint, if he wishes to do so, by March 27, 2019.

In **3:18cv713**, *Shirley Gift v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. The plaintiff may amend the fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv714**, *Anson Moore v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the fraud and misrepresentation claims in his complaint, if he wishes to do so, by March 27, 2019.

In **3:18cv715**, *Keara Stone v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv716**, *Patricia J. Robinson v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

In **3:18cv717**, *Christine Howell v. Biomet, et al.*, the Cuckler defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 19] is GRANTED, and the defendant's motion to dismiss the plaintiff's fraud and misrepresentations claims [Doc. No. 21] is GRANTED. Counts 1, 2, 3, 8, 10 of plaintiff's complaint are dismissed. The plaintiff may amend the fraud and misrepresentation claims in her complaint, if she wishes to do so, by March 27, 2019.

SO ORDERED.

ENTERED:  March 7, 2019

_____/s/ Robert L. Miller, Jr._____
Judge, United States District Court
Northern District of Indiana

24